UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLYNN SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-11-487 |
| | § | |
| TETRA APPLIED TECHNOLOGIES, | § | |
| LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants' motion for partial summary judgment raises the issue of whether that mainstay of elementary school math—rounding—applies in determining seaman status under the Jones Act. Having considered the briefing and applicable law, the Court holds summary judgment is inappropriate because a reasonable factfinder could round up to the nearest whole number the percentage of time Smith spent working on a vessel and conclude that Smith is a seaman. The motion is therefore **DENIED**.

### I. BACKGROUND

Smith worked for Defendants as a Plug and Abandonment pump operator from April 25, 2011 until October 6, 2011. A P&A operator works on fixed offshore platforms and generally is not considered a Jones Act seaman. Smith spent his first 15 days of employment in training. He then worked on two different

offshore platforms for a total of 24 days. After being off work for approximately one month due to a shortage of work for pump operators, Defendants reassigned Smith to *Rig 8*, an inland barge rig, as a floorhand, doing work traditionally associated with a Jones Act seaman. *See* Docket Entry No. 26-2 at 25:10–21. The parties dispute whether Smith's assignment to *Rig 8* was temporary or permanent. Smith worked on *Rig 8* for a total of 14 days before being injured after a slip and fall on the deck.

Smith brought suit under the Jones Act, 46 U.S.C. § 30104, or, in the alternative, the Longshore and Harborworker's Compensations Act, 33 U.S.C. §§ 901–50 (LHWCA). These two compensation regimes are mutually exclusive. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 553 (1997) (citation omitted). If Smith can show he was a seaman at the time he was injured, then the Jones Act applies. *See Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003) (citation omitted). Defendants moved for summary judgment on the Jones Act claim, contending that Smith does not qualify as a seaman.

## II.   APPLICABLE LAW

### A.   Summary Judgment

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

### B. Jones Act Seaman Status

The Supreme Court has developed a two-part test for determining seaman status. First, the "employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995) (citation and internal punctuation omitted). Second, "a seaman must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." *Id.* Only the second requirement is contested here.

"The duration of a worker's connection to a vessel and the nature of the worker's activities, taken together, determine whether a maritime employee is a seaman . . . ." *Id.* at 370. In terms of duration, the Fifth Circuit has established a general rule that a worker who spends "less than about 30% of his time" in service of a vessel cannot be a seaman. *Nunez v. B&B Dredging, Inc.*, 288 F.3d 271, 276 (5th Cir. 2002) (citation omitted). The inquiry regarding the nature of an employee's connection to a vessel "must concentrate on whether the employee's duties take him to sea." *Papai*, 520 U.S. at 555. The duration and nature inquiries

are distinct but not unrelated, and the Supreme Court has recognized that an employee injured shortly after being reassigned permanently to a vessel following years of work on land should not be denied seaman status, just as an employee working for years on a vessel and then permanently reassigned to a desk job should not be considered a seaman. *See Chartis*, 515 U.S. at 372 ("When a maritime worker's basic assignment changes, his seaman status may change as well." (citations omitted)).

The question whether a maritime employee qualifies as a Jones Act seaman is a mixed question of law and fact. *Id.* at 369. "[I]f reasonable persons, applying the proper legal standard, could differ as to whether as to whether the employee was a 'member of the crew,' it is a question for the jury." *Id.* (citation omitted). Accordingly, to prevail on their motion, Defendants must show that no reasonable factfinder could conclude that Smith was a Jones Act seaman at the time of his injury.

### III. ANALYSIS

Smith has shown that his connection to a vessel could be considered sufficiently substantial to meet the seaman standard. The parties agree that the particular offshore platforms on which Smith first worked are not vessels, but that the *Rig 8* barge on which he later worked is a vessel. Defendants thus argue out that of the 53 total days Smith actually worked, he spent only the last 14, when he

was assigned to *Rig 8*, on a vessel. This means Smith spent 26.4% of his actual days worked on a vessel. But Smith argues that the Court should calculate his time based on hours worked, rather than days. Under this undisputed calculation, Smith spent 172 hours out of 577 hours, or 29.8%, on a vessel. Defendants argue that the day calculation should control, and that even under the hour calculation, 29.8% is below the 30% threshold.

The Court finds a reasonable factfinder could conclude that actual hours worked, rather than days, is the appropriate measure of time because it more accurately reflects Smith's division of work between his land-based duties as a pump operator and floorhand duties on a vessel. *See Mudrick v. Cross Equip. Ltd.*, 250 F. App'x 54, 59 (5th Cir. 2007) (indicating that the defendant used number of hours in calculating percent of time performing maritime work in determining decedent's Jones Act seaman status); *cf. Coastal Prod. Servs. Inc. v. Hudson*, 555 F.3d 426, 440–41 & n.60 (5th Cir. 2009) (approving administrative law judge's use of hours worked to determine maritime employment status under LHWCA).

That leaves the question whether 29.8% is a sufficient percentage of work on a vessel to allow a factfinder to conclude that Smith was a seaman when the injury occurred. The Court concludes that it is permissible for a factfinder to make third grade math useful and round 29.8% to 30%. The Fifth Circuit has recognized that the 30% threshold is an approximation. *See Nunez*, 288 F.3d at 276 ("[A] worker

who spends less than *about* 30% of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." (emphasis added) (quoting *Chandris*, 515 U.S. at 371)).  The Supreme Court has also recognized that the 30% test "serves as no more than a guideline . . . and departure from it will certainly be justified in appropriate cases." *Chandris*, 515 U.S. at 371.  Smith has established that the work he performed on *Rig 8* could be considered substantial enough in duration to make him a seaman under the proper legal standard.[1]

## IV. CONCLUSION

Because a reasonable factfinder could differ as to whether Smith was a Jones Act seaman, Defendants' Motion for Partial Summary Judgment (Docket Entry No. 22) is **DENIED**.

SIGNED this 20th day of November, 2012.

_____
Gregg Costa
United States District Judge

---

[1] Summary judgment is also precluded because the evidence conflicts concerning whether Smith's assignment to *Rig 8* was temporary or permanent.  Defendants argue that it was a temporary assignment, due to lack of pump operator work, and that they intended for Smith to return to that work when it became available.  Smith stated in deposition, however, that "[Defendants] told me they wanted to keep me [on *Rig 8*]," despite Smith's desire to return to his earlier duties. Docket Entry No. 26-1 at 112:19–113:2.  This conflicting evidence, reviewed at the summary judgment stage in the light most favorable to Smith, is sufficient to raise a fact issue concerning whether Smith had been reassigned to a new position, in which case he was unquestionably a seamen.  *See Chandris*, 515 U.S. at 372.